```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

PIERRE LOUIS MERONE,

      Plaintiff,

v.                                    Case No: 2:15-cv-202-FtM-29CM

SELECT PORTOFOLIO SERVICING,
INC. and THE BANK OF NEW YORK
MELLON,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of defendants' Motion to Dismiss Amended Complaint (Doc. #26) filed on July 13, 2015. Plaintiff has not filed a response and the time to do so has expired. For the reasons stated below, the motion is due to be granted.

**I.**

Because plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). According to the two count Amended Complaint, plaintiff Pierre Louis Merone (Merone or plaintiff) executed a mortgage for the purchase of property located at 5135 40th Street NE, Naples Florida (Property) from Countrywide Home Loans, Inc. (Doc. #7, ¶ 7.) On or about June 2008, Merone

defaulted on his loan obligation and engaged in a loan modification request. (Id. ¶¶ 8-9.) Defendant Select Portfolio Servicing, Inc. (SPS) acquired the mortgage (Id. ¶¶ 10-11.)

On November 20, 2014, the Property was sold for $274,200.00. (Id. ¶ 12.) On November 21, 2014, plaintiff's request for loan modification was denied. (Id. ¶ 13.) Plaintiff was not aware of the sale of the Property or the denial of the loan modification until after they occurred. (Id. ¶ 14.)

Plaintiff alleges that in order to foreclose, defendant, The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificate Holders CWALT, Inc., Alterative Loan Trust 2006-OA3 Mortgage Pass-Through Certificates Series 2006 (The Bank of New York) used an unendorsed note and an unsupported allegation that it had the right to foreclose. (Id. ¶ 15.) Plaintiff alleges a violation of the duty of good faith and fair dealing because he was led to believe that SPS had standing to process a loan modification. (Id. ¶ 16.) Merone alleges he has suffered damages of legal expenses, eviction, emotional stress, pain and suffering, and mental anguish. (Id. ¶ 17.) As relief, plaintiff seeks to quiet title, punitive and compensatory damages, prejudgment interest, and all taxable costs. (Id.)

Defendants seek to dismiss the Amended Complaint with prejudice asserting the claims are barred by the Rooker-Feldman Doctrine. (Doc. #26.) Specifically, defendants allege that

plaintiff is attempting to relitigate issues that were already adjudicated by the Circuit Court in the foreclosure action, or that should have been raised in the foreclosure action. (Id.) Defendants also assert that the Amended Complaint fails to state a claim for relief. (Id.)

**II.**

As an initial matter, defendants ask the Court to take judicial notice of Case No. 09-CA-1102, the foreclosure action from state court and, specifically, the documents attached to their motion.[1] A district court may consider extrinsic evidence in ruling on a motion to dismiss "if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." SFM Holdings, Ltd. v. Banc of Amer. Secs., LLC, 600 F.3d 1334, 1337 (11th Cir. 2010); see also Trustmark Ins. Co. v. ESLU, Inc.,

---

[1] The docket from the Foreclosure Action (Doc. #26-2); the Foreclosure Complaint (Doc. #26-3); the Answer (Doc. #26-4); the Motion for Summary Final Judgment and Attorney's Fees (Doc. #26-5); the Notice of Hearing (Doc. #26-6); the record of Hearing (Doc. #26-7); the Summary Final Judgment of Foreclosure (Doc. #26-8); the Notice of Sale dated July 29, 2010 (Doc. #26-9); the Order on Plaintiff's Motion to Reschedule Sale date October 27, 2014 (Doc. #26-10); the Re-Notice of Sale dated October 28, 2014 (Doc. #26-11); the confirmation of scheduled publication from Business Observer Legals (Doc. #26-12); Proof of Publication (Doc. #26-13); the Certificate of Sale (Doc. #26-14); the Certificate of Title (Doc. #26-15); Motion for Writ of Possession (Doc. #26-16); a copy of the Notice to Vacate (Doc. #26-17); Amended Motion for Writ of Possession and Certification (Doc. #26-18); Order Directing Clerk to Issue a Writ of Possession; (Doc. #26-19); the Writ of Possession (Doc. #26-20); Return of Service for Writ of Possession (Doc. #26-21); and Pierre Merone's Emergency Motion to Stay Eviction (Doc. #26-22).

299 F.3d 1265, 1267-68 (11th Cir. 2002). The public records reflecting the state court foreclosure proceeding comply with both of these requirements. Thus, defendants' motion to dismiss need not be converted to a motion for summary judgment. Harper v. Lawrence County, 592 F.3d 1227, 1232 (11th Cir. 2010); Jones v. Auto. Ins. Co. of Hartford, 917 F.2d 1528, 1531-32 (11th Cir. 1990). Moreover, the documents submitted pertaining to the state court foreclosure proceeding are public records which are "central" to a plaintiff's claims. Horne v. Potter, 392 F. App'x 800, 802 (11th Cir. 2010). Additionally, "a court may take notice of another court's order . . . for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation." United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994). Therefore, the Court takes judicial notice of those documents that were filed in the state Court foreclosure proceedings as they are central to plaintiff's claims.

### III.

Jurisdiction in this case is premised upon diversity of citizenship, which has not been challenged. The difficulty with the Amended Complaint is that even when the Court reads its allegations with the deference due a *pro se* litigant and with the benefit of the judicially noticed documents, there is still no cause of action which is plausibly set forth. While it may be

that the Court should abstain from the exercise of its jurisdiction under the Rooker-Feldman doctrine[2], the Court simply cannot tell based upon the lack of any plausible causes of action. The Court will dismiss the Amended Complaint without prejudice, and give plaintiff a final opportunity to file a second amended complaint setting forth plausible causes of action.

As plaintiff is currently proceeding *pro se*, that is, without being represented by an attorney, the Court will take this opportunity to advise plaintiff of some of the important responsibilities and obligations that he bears as a *pro se* party, including some requirements of the Local Rules of this Court[3] ("Local Rules") and the Federal Rules of Civil Procedure[4] ("Fed. R. Civ. P.").

In the body of the Second Amended Complaint, plaintiff should clearly set forth the violations and claims he seeks to assert, and describe how each named defendant is involved in each alleged claim. Plaintiff must provide support in the statement of facts for the claimed violations. More than conclusory and vague

---

[2] Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).

[3] The Local Rules are accessible on the internet at www.flmd.uscourts.gov.

[4] A copy of the current Federal Rules of Civil Procedure can be obtained at law libraries, book stores, and from other widely available sources.

allegations are required to state a cause of action. Plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been violated. It is improper for plaintiff to merely list constitutional rights or federal rights and/or statutes. Plaintiff must provide factual support for the claimed violations.

Plaintiff is reminded that his *pro se* status does not free him from the requirements of the Federal Rules of Civil Procedure, which plaintiff is directed to consult before filing additional material. While the Court has set forth some obligations and requirements in this Order, this Order does not set forth all of those requirements and should not be relied upon as limiting plaintiff's duties and obligations in litigating this case. The Court directs plaintiff to review the "Proceeding Without a Lawyer" section of this Court's website at www.flmd.uscourts.gov.

Accordingly, it is now

**ORDERED:**

1. Defendants' Motion to Dismiss Amended Complaint (Doc. #26) is **GRANTED in part and DENIED in part.** The motion is granted to the extent the Amended Complaint is dismissed **without prejudice** and otherwise denied.

2. Plaintiff may file a second amended complaint within **FOURTEEN (14) DAYS** of the date of this Opinion and Order. If no

such amended complaint is filed, the case will be closed without further notice.

**DONE AND ORDERED** at Fort Myers, Florida, this __4th__ day of March, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Parties of record

7